UNITED STATES

v.

**James T. BECKERMANN, Chief Warrant Officer (CW04), U.S. Coast Guard.**
**CGCM 9996.**
**Docket No. 896.**

U.S. Coast Guard Court of Military Review.

2 March 1988.

Trial Counsel: LT W.J. Petersen, Jr., USCGR.

Asst Trial Counsel: LT Arne O. Denny, USCGR.

Detailed Defense Counsel: LT Francis B. Orlando, USCGR.

Asst Defense Counsel: LT Gerald R. Wheatley, USCGR.

Civilian Appellate Defense Counsel: Eugene R. Fidell.

Detailed Appellate Defense Counsel: LCDR Robert Bruce, USCG.

Appellate Government Counsel: LCDR Arthur R. Butler, USCG.

## DECISION

BAUM, Chief Judge:

Appellant was tried by a General Court-Martial composed of officer members and was convicted, contrary to his pleas, of one specification of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, one specification of presenting for approval and payment a fraudulent claim against the United States in violation of Article 132, Uniform Code of Military Justice, 10 U.S.C. § 932, and six specifications of .conduct unbecoming an officer and a gentleman in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933. Those six offenses include three specifications of wrongfully giving copies of servicewide examinations for advancement in rate to certain Coast Guard petty officers, one specification of wrongfully giving copies of the Yeoman First Class and military requirements for E–5 end-of-course tests to a certain Yeoman Second Class, one specification of wrongfully advising that same Yeoman Second Class that she could use an appraisal of items owned by the accused for submission of a false claim for loss of those items by the petty officer, and one specification of wrongfully requesting a petty officer to falsely notarize a quit claim deed. Appellant was sentenced to a reprimand, loss of 100 numbers and a fine of $37,-988.19, with the provision that he was to be confined for 15 months if the fine was not paid. After disapproving certain words in one of the specifications, the convening authority approved only so much of the sentence as provides for a reprimand, loss of 100 numbers and a fine of $15,000, with express disapproval of the alternative punishment of 15 months confinement. Thereafter, the record of trial was referred to this Court pursuant to Article 69(a), Uniform Code of Military Justice, 10 U.S.C. § 869(a) by the General Counsel, Department of Transportation, as Judge Advocate General of the Coast Guard.

■ Appellant has assigned six errors before this Court. In view of our disposition of this case, only the first assigned error need be addressed. In that assignment appellant asserts that the proceedings below are void because the trial judge was detailed as a general court-martial judge contrary to the terms of Article 26, Uniform Code of Military Justice, 10 U.S.C. § 826. Appellant contends that this precise issue was previously ruled upon by the U.S. Court of Military Appeals in *United States v. Moorehead*, 20 U.S.C.M.A. 574, 44 C.M.R. 4 (1971), and that decision is controlling here. We all agree that *Moorehead* should determine the outcome on this issue. There is disagreement, however, on what *Moorehead* requires. Judge Bridgman and I believe that the designation of the general court-martial judge in this case violated the terms of *Moorehead* and Article 26, Uniform Code of Military Justice, leaving this court-martial jurisdictionally deficient. Judges Josephson and Burgess view the matter differently, seeing compliance in this case with Article 26 and the requirements of *Moorehead*. Our separate views on this issue follow, but we are in agreement that the resolution of this case is determined by application of Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c) and Rule 4(a) of the Courts of Military Review Rules of Practice and Procedure and that they require the setting aside of the findings and sentence.

Article 26(c), Uniform Code of Military Justice, in pertinent part, provides as follows:

> The military judge of a general court-martial shall be designated by the Judge Advocate General, or his designee, ... A commissioned officer who is certified to be qualified for duty as a military judge of a general court-martial may perform such duties only when he is assigned and directly responsible to the Judge Advocate General, or his designee, of the armed force of which the military judge is a member and may perform duties of a judicial or nonjudicial nature other than those relating to *his primary duty as a military judge of a general court-martial* when such duties are assigned to him by or with the approval of that Judge Advocate General or his designee. (Emphasis added).

In *United States v. Moorehead, supra,* the general court-martial judge was an offi-

cer permanently assigned to the Legislation and Regulations Division in the Office of Chief Counsel of the Coast Guard. The Chief Counsel, under a designation of authority from the Transportation Department General Counsel, ordered this particular officer to preside on a one time basis as military judge in the general court-martial in question while still continuing to meet his responsibilities within the Legislation and Regulations Division. At trial, the judge conceded it was obvious that his primary duty was not as military judge. On this point, however, the Coast Guard Court of Military Review said:

> We think that the term "primary duty" as used in Article 26(c) must be construed to permit an interpretation that is consistent with the literal requirements of the statute. We therefore believe that, in the Coast Guard, a certified military judge who has a permanent assignment with the Office of the Chief Counsel may regularly perform professional legal work assigned to him by or with the approval of the Chief Counsel until the occasion when a general court-martial arises and he is designated to be its military judge. When that occurs, it thereupon becomes his primary duty to be military judge of a general court-martial.

*United States v. Moorehead*, Docket No. 711 (C.G.C.M.R. 30 October 1970) (Unpublished) at p. 8.

As a preface to this statement, the Court said,

> Congress did not require that trial judiciary units be established, and it was not feasible to do so in the case of the Coast Guard. The legislative history does not support the notion that Congress intended the Coast Guard to do what the Act did not expressly require it to do.

*Id.* at p. 8.

The case was thereafter sent to the U.S. Court of Military Appeals by the Department of Transportation General Counsel. The question certified was whether the Court of Military Review was correct in its determination that the Coast Guard's method of assigning a military judge to a general court-martial complies with the requirements of Article 26(c), Uniform Code of Military Justice. The Court of Military Appeals answered that question in the negative, finding that Article 26(c) was not complied with because the military judge did not have the primary duty of trying general courts-martial cases. In so holding, the Court of Military Appeals rejected the Court of Military Review's outlook that the Coast Guard was exempt from establishing a trial judiciary. The Court expressly condemned an arrangement that called for the one-time use of a military judge in the trial of a general court-martial.

By 1972, in furtherance of the decision in *Moorehead, supra,* the Coast Guard had assigned two officers directly under the Chief Counsel as full time general court-martial military judges to sit on all general courts-martial in the Coast Guard and enough special courts to ensure that their primary duty was that of military judge. The steps taken in this regard appear in the 1971 and 1972 Annual Reports of the U.S. Court of Military Appeals and the Judge Advocates General required by Article 67, Uniform Code of Military Justice, 10 U.S.C. § 867, at pages 41 and 39 respectively of the Department of Transportation General Counsel's portion of those reports. The fiscal year 1978 accounting for the Coast Guard and subsequent reports indicate a reduction from two to one full-time general court-martial judge.

The one permanently assigned general court-martial judge recused himself from participating in the trial of appellant and the Chief Counsel turned to the District Legal Officer for the Twelfth Coast Guard District to act as judge in this case. In an effort to comply with Article 26(c), Uniform Code of Military Justice and certain language in *United States v. Moorehead, supra,* orders were issued by the Commandant of the Coast Guard on 23 May 1986 relieving that officer of all duties as Twelfth Coast Guard District Legal Officer, effective 28 May 1986, to assume on that date "[t]he duties of the West Coast Military Judge." This electronically transmitted message went on to say that, "[t]his order constitutes a temporary change in

assignment and remains in effect until SNO [subject named officer] is released by COMDT [Commandant] (G–PO) to assume normally assigned duties." Record of trial Appellate Exhibit III. The Commandant later released this officer from judging duties in a message order on 2 July 1986, the day after the instant trial was completed, returning the judge to his permanently assigned duty as District Legal Officer. While the temporary duty orders were in effect, the judge presided in only the instant trial, which commenced on June 23, 1986 and terminated on July 1, 1986. During the period of his assignment from May 23rd to July 2nd, the judge continued to perform at least two district legal functions pursuant to general authority contained in a letter of 23 May 1986 signed by the Chief Counsel.[1]

Based on these facts, appellant argues that the same infirmity encountered in *Moorehead, supra,* is present here. He submits that, despite disclaimers to the contrary in the Chief Counsel's letter, the judge's primary duty was as District Legal Officer, not general court-martial judge. Judge Bridgman and I agree, believing, as we do, that the message orders and Chief Counsel's letter were intended to effect the one-time use of a district legal officer as military judge of a general court-martial, the practice condemned by the Court of Military Appeals in *United States v. Moorehead, supra.* The Government, on the other hand, contends that there has been compliance with the requirements of Article 26(c), as elaborated upon by the Court of Military Appeals. In so arguing, the Government submits that the procedures here complied with the terms of Article 26(c) and *Moorehead, supra,* because the judge in this case was placed in a separate assignment category where he was designated to function in the trial of general courts convened during the period of that assignment.

It is certainly true that the message orders in this case purport to place the offi-cer in such a category, so that there appears to be a literal compliance with the following language from *Moorehead, supra:*

> A military judge does not have the primary duty of functioning in the trial of general courts-martial unless he is in a separate assignment category in which he is designated to function in the trial of general courts convened during the period of that assignment.

44 C.M.R. 10.

If the Government's argument is accepted, however, the practice of random or one-time use of military judges for general courts-martial could be effected on a regular basis by simply issuing temporary duty orders to a qualified officer whenever necessary or convenient for the trial of a pending general court-martial. Judge Bridgman and I do not believe Article 26(c), Uniform Code of Military Justice, as explicated in *Moorehead, supra,* allows such a result. Accordingly, we believe the message orders and letter from the Chief Counsel, which caused the permanently assigned Twelfth Coast Guard District Legal Officer to function one time as a general court-martial judge during a 40 day period while those orders and designation were in effect, violated the terms of *Moorehead, supra.*

Judges Josephson and Burgess, in their dissent, see no indications in the instant case of the concerns which led to the decision in *Moorehead.* I reach the opposite conclusion. In my view the basic concern in *Moorehead* was the Coast Guard's failure to comply with the jurisdictional requirement of Article 26(c), Uniform Code of Military Justice, that judges designated for general courts-martial must be in a separate assignment category under the Judge Advocate General, or his designee, with primary duty as a general court-martial judge. The assignment category for the judge in the instant case was legal officer for a general court-martial convening au-

---

1. This letter is attached as appendix 1 to the opinion and, despite the format indicating that it was from the Commandant, the letter was signed by the Chief Counsel, who is the only officer expressly authorized by the Department General Counsel to designate general court-martial judges under Article 26(c), Uniform Code of Military Justice. See 49 C.F.R. Pt. 1, Subpt. C, App. A, para. 2.(a)(3) (1986).

thority. That was the permanent primary duty of the officer in question before he was designated judge in this case and that was his permanent primary duty after the trial was completed. In my mind, there is just no getting around the fact that this district legal officer was designated as judge solely for the trial of this one general court-martial. Congress amended the Uniform Code of Military Justice to stop such practices and the Court of Military Appeals has confirmed this Congressional intent. It is irrelevant to the ultimate decision in the case before us that the judge may have been experienced; or of proven judicial ability and temperament; or known for his integrity and ability to withstand pressure from a general court-martial authority superior. As Judges Josephson and Burgess accurately point out in another context, it is the institutional or organizational scheme by which judges are detailed to general courts-martial that is of concern, not the qualities of the individual so assigned. Moreover, since this issue is jurisdictional in nature, the question of prejudice to the accused, or the good faith of those who made the decision to assign a judge in the manner indicated, are not matters for consideration.

As our separate opinions indicate, we are evenly divided on the jurisdictional issue of compliance with Article 26(c), Uniform Code of Military Justice. We have reached this impasse because only four of the five judges on our Court have participated in this decision. Judge Barry, the fifth judge, recused himself at the outset due to prior disqualifying involvement in the case before his appointment to the Court. We, thus, find ourselves unable to break the tie vote without the appointment of another judge to this Court—a course of action we believe both inappropriate and unnecessary. What results, then, from this split of views?

 The general rule at the appellate level is that where the judges are equally divided, the judgment below is affirmed. 5 Am.Jur.2d Appeal and Error § 902. We do not believe that general rule is applicable to Courts of Military Review. Contra, United States v. Peurifoy, 47 C.M.R. 242 (A.F.

C.M.R. 1973). Review by our Court is not discretionary. Once a record has been referred to this Court under the terms of either Article 66 or Article 69, Uniform Code of Military Justice, we must review and act upon it before the case can become final under Article 76, Uniform Code of Military Justice, 10 U.S.C. § 876. Furthermore, Article 66(c), Uniform Code of Military Justice says a Court of Military Review, "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Rule 4(a) of the Courts of Military Review Rules of Practice and Procedure says, "[t]he determination of any matter referred to the panel shall be according to the opinion of a majority of the judges participating in the decision." Our conclusions from these provisions are that we *must* review and act on this case that has been properly referred to us and that in order to affirm the results of this court-martial, a majority of the participating judges must determine that the findings and sentence are correct in law and fact. Without a majority determination to this effect, we believe a reversal is required. In reaching this result, we are not unmindful of *United States v. Waymire*, 9 U.S.C. M.A. 252, 26 C.M.R. 32 (1958), a case in which the Court of Military Appeals returned the record to an Army Board of Review for further action when the two members of that Board were unable to agree on a jurisdictional issue. The Court indicated that the Board of Review had improperly side-stepped the legal issue with a compromise holding setting aside a finding of guilty solely on the basis of "substantial justice." The Court said that such action exceeded the scope of the Board's authorized statutory functions under Article 66(c), Uniform Code of Military Justice, the Code provision now applicable to Courts of Military Review, with only slightly modified language. In contrast, we have faced the jurisdictional issue head-on without attempting to dispose of the case in a manner not authorized by statute, as was done by the Board of Review in

*Waymire, supra.* Unable to muster a majority vote either way on the jurisdictional issue, we have determined the effect of a tie vote on that issue. We do not believe *Waymire, supra,* addressed this matter, language in that opinion to the contrary notwithstanding, which could be taken to indicate that a majority must determine that findings are *incorrect* in law and fact before they may be *disapproved.* We find no basis in the Uniform Code of Military Justice for this *Waymire* dicta. The Code, however, is clear with respect to the requirement that findings may be *affirmed* only when determined to be *correct* in law and fact. The logic of our Court Rules requiring such determinations to be based on majority rule is compelling. A majority not having found jurisdictional sufficiency with respect to the trial judge's appointment, the findings of guilty and sentence are set aside. Another trial may be ordered.

BRIDGMAN, Judge: (concurring).

I agree with Chief Judge Baum that, under the circumstances of this case, Article 26(c), Uniform Code of Military Justice was not complied with. With the Court equally divided on this issue, I concur that reversal results. I express my separate views in this case in an effort to provide some guidance to those charged with administering the Uniform Code of Military Justice in the Coast Guard, while recognizing that my views, standing alone, have little weight.

I agree with the views expressed by Judges Josephson and Burgess that the Court of Military Appeals, in *United States v. Moorehead,* 20 U.S.C.M.A. 574, 44 C.M. R. 4 (1971), was concerned with the institutional framework then existing in the Coast Guard for the assignment of judges to try general courts-martial. I also agree that the Coast Guard has established a system for assignment of judges to general courts-martial that complies with both the letter and spirit of Article 26(c) and *Moorehead, supra,* and that the Coast Guard attempted a good faith compliance with those requirements. However, I perceive it our duty to consider the circumstances of the case before us and to determine how that system functioned for this particular case. That the system established is adequate for most cases, is not dispositive.

The Coast Guard has decided that it can function, under normal circumstances, by complying with the literal requirements of *Moorehead, supra,* and has designated one officer, directly responsible to the Chief Counsel, who clearly has the primary duty to try whatever general courts-martial may occur and who is used to try special courts-martial. While this arrangement has proven satisfactory for several years, it does not provide for the circumstances where that designated officer is unable to act as military judge in a particular case. While there are distinctions that can be made in the manner in which the military judge was assigned and detailed in this case, as compared to the manner in which this was accomplished in *Moorehead, supra,* I do not believe that these differences meet the requirement that a general court-martial judge have that function as his or her primary duty. Furthermore, to approve the arrangements made for the trial of this case could lead to a recurrence of the former practice of random or one time assignments and a series of hair-splitting distinctions that simply are not necessary.

Where the designated general courts-martial judge has recused himself or herself from a given case, or where the disqualification is apparent before being detailed to a case, there is an alternative which can provide for the expedient disposition of the case while avoiding any appearance or allegation of failure to comply with Article 26(c). That Article and RCM 503(b)(3) permit duly designated general court-martial judges from another armed service to be detailed to Coast Guard courts. Considering that this alternative will be rarely necessary, it does not appear that obtaining the services of a military judge from another service would be unduly difficult or that it would be detrimental to the administration of military justice in the Coast Guard.

I would not preclude all temporary designations of a qualified Coast Guard officer to duty as general court-martial judge. In

those circumstances where the designated Coast Guard general court-martial judge was temporarily incapable of performing his or her duties in whatever general courts-martial might occur, or was so over-burdened with general courts-martial as to require temporary assistance, the designation of a qualified officer for an established period of reasonable duration, coupled with complete disassociation from former duties during that assignment and utilization as special court-martial judge, would appear to comply with the mandates of Article 26(c). See *Moorehead, supra.* The particulars of such a temporary designation must, of necessity, await scrutiny in a future case.

JOSEPHSON and BURGESS, Judges: (concurring in part and dissenting in part).[*]

In *United States v. Moorehead*, 20 U.S. C.M.A. 574, 44 C.M.R. 4 (1971) the United States Court of Military Appeals answered the following certified issue in the negative:

"Was the Court of Military Review correct in determining that the Coast Guard's method of assigning a military judge to a general court-martial complies with the requirements of Article 26(c), Uniform Code of Military Justice?"

Judge Baum's opinion accurately portrays the underlying facts in both *Moorehead, supra,* and the instant case. Indeed, the scenarios are strikingly similar. Yet, there are some variances and at least one significant distinction. While necessarily focusing on the circumstances of the particular assignment of the general court-martial judge in *Moorehead*, the Court of Military Appeals was in actuality addressing a broader issue. The broader issue concerned the prevailing institutional or organizational scheme by which judges were then detailed to Coast Guard general

courts-martial. The *Moorehead* judge assignment process was merely representative of a routine institutional practice.

Implicit in the Congressional scheme which passed as Article 26(c) was the recognition that a trial judiciary would bring professionalism to those courts which were capable of handling the most serious of courts-martial.[2] Another important feature of the trial judiciary concept for general courts-martial was that these judges would not be subordinate to the officers who convened general courts-martial.[3]

In *Moorehead*, while finding the "arrangement" which resulted in the random or one-time use of military judges defective, the court stated:

"But if the Coast Guard Chief Counsel designated one officer to try whatever general courts-martial occurred during the time that officer was designated, and if that same officer also was used to try special courts-martial, such an arrangement would appear to comply with congressional intent."

(44 C.M.R. 10).

After *Moorehead*, the Coast Guard instituted just such a system, which continues today, and which was in effect at the time of the trial in the instant case. However, the officer so designated to try general courts-martial here recused himself. That recusal led to the assignment and detail of another experienced military judge, who concurrently was relieved from his duties as a district legal officer and, by that relief, was not subordinate to an officer who convened general courts-martial. From the paperwork associated with this detail it is clear that the Coast Guard was mindful of the strictures of *Moorehead* and strove to literally comply with the requirements of both Article 26(c), Uniform Code of Military Justice, and *Moorehead.*

---

[*] Judge Barry recused himself from participation in this case.

**2.** Regarding the Senate Amendment to Article 26(c) limiting the requirement for a trial judiciary to the handling of general courts-martial, the Senate, in setting up a different system for special courts-martial judges recognized that junior judge advocates "can be utilized for other

duties while serving as military judges of special courts-martial *in preparation* for later assignment to general courts-martial." (Emphasis supplied). S.Rep. No. 1601, 90th Cong., 2d Sess. (1968).

**3.** *Moorehead, supra* at 8 and 10.

The significant distinction between the instant case and *Moorehead* is that the institutional framework found defective in *Moorehead* has been remedied. Is this a distinction which lessens or abrogates the precedential effect of *Moorehead?* We think so. It seems to us that the thrust of the Court of Military Appeals decision in *Moorehead* was directed against the Coast Guard's reluctance to establish a permanent trial judiciary. In *Moorehead,* the Court of Military Appeals specifically said.

> "Since under the *arrangement* in effect at the time of this trial *no* Coast Guard military judge had the primary duty of trying general courts-martial cases, we find that Article 26(c) was not complied with." (Emphasis supplied).

44 C.M.R. 10.

We see no indications in the instant case of the concerns which led to the Court of Military Appeals decision in *Moorehead.* We may take judicial notice of the fact that the judge in the instant case is an experienced military judge and had, himself, previously been assigned to and served as the Coast Guard's permanent duty general court-martial military judge. Given the Coast Guard's compliance with the institutional focus of *Moorehead,* the recusal of the permanently detailed general court-martial military judge, the substitution of a very experienced military judge, no indication that the assignment in this instance was a subterfuge or anything other than an attempted good-faith compliance with the other concerns of *Moorehead* (e.g., primary duty, assignment to the Chief Counsel, not to a general court-martial convening authority, etc.) and Congress, and the absence of prejudice to the accused, we do not believe that *Moorehead* dictates setting aside the findings and sentence. We agree with Chief Judge Baum, however, that under Article 66, Uniform Code of Military Justice and Rule 4 of our Court Rules a majority must determine the findings and sentence correct in law and fact before they may be affirmed. Accordingly, we agree that the findings and sentence must be set aside since a majority has not found the appointment of the judge in this case to be legally correct.

## APPENDIX 1

1301
23 MAY 1986

From : COMMANDANT
To : CAPT William H. NORRIS, 041 36 9674, USCG

SUBJ: ASSIGNMENT OF DUTIES

Ref : (a) Article 26(c), UCMJ, 10 USC 826(c)
(b) Code of Federal Regulations, Title 49, Part 1, Appendix A2.(3)

1. Pursuant to references (a) and (b) you are hereby designated as a General Court-Martial Military Judge for the United States Coast Guard. Your primary duty shall be that of a General Court-Martial Military Judge.

2. Other than the above, you shall not undertake to perform duties of either a judicial or nonjudicial nature unless you receive prior authorization from me. You are authorized to provide advice and assistance, as needed, to the staff members of the Twelfth District Legal Office. The performance of this temporary collateral assignment shall not infringe in any way upon your primary duty as a General Court-Martial Judge as required by reference (a).

3. This designation shall remain in effect until specifically cancelled by me, or until you are transferred from duty in the Office of Chief Counsel, whichever shall come first.

E.H. DANIELS